NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| FRANK GONZALEZ, | : | Hon. Dennis M. Cavanaugh |
| Plaintiff, | : | **OPINION** |
| v. | : | Civil Action No. 05-CV-4316 (DMC) |
| COUNTY OF PASSAIC, *et al.* | : |  |
| Defendants. | : |  |

<u>DENNIS M. CAVANAUGH, U.S. District Judge</u>

This matter comes before the Court upon application by *pro se* Plaintiff Frank Gonzalez ("Plaintiff"), for the appointment of *pro bono* counsel pursuant to 28 U.S.C. § 1915(e)(1). For the reasons set forth below, Plaintiff's application is **denied.**

## BACKGROUND

This is the second motion Plaintiff has filed seeking the appointment of counsel in this matter. Plaintiff filed the first application on December 22, 2005, which was denied by this Court by an Opinion and Order dated December 28, 2005. This Court, in its Opinion, cited Plaintiff's failure to address the merits and likelihood of success of his claims.

Plaintiff's current application for the appointment of *pro bono* counsel provides more detail and the facts of his underlying claim. While incarcerated, Plaintiff alleges that the Defendants ordered that he and another inmate be kept separate due to threats of violence made

against Plaintiff by the other inmate. Despite the order that the two inmates be kept separate, Plaintiff claims that Defendants failed to keep him away from the other inmate. As a result, the other inmate violently attacked Plaintiff and caused him injuries and damage to his left eye which has resulted in a loss of vision. Plaintiff filed a complaint on September 2, 2005.

## DISCUSSION

In <u>Tabron v. Grace</u>, 6 F.3d 147 (3d Cir. 1993), the Third Circuit Court of Appeals provided the district courts with specific guidelines in deciding whether appointing *pro bono* counsel for an indigent applicant is warranted. 6 F.3d at 155, 158. The Third Circuit emphasized that, as a threshold matter, courts are to analyze the substance of an applicant's underlying claim for merit before engaging in any further evaluation. <u>Id</u>. Only after a determination that an applicant's claim has merit in fact and law, will a court move on to consider and evaluate the variety of factors outlined in <u>Tabron</u> to decide whether appointment of *pro bono* counsel is warranted.. <u>Tabron</u>, 6 F. 3d at 155.

Although Plaintiff presents this Court with what may be a meritorious underlying claim, he fails to adequately address the necessary additional factors that must be met before his application can be granted. Factors to be considered by a court after a plaintiff makes a sufficient showing of merit include the ability of the plaintiff to present his case. <u>Id</u>. at 156. In making this determination, courts "generally should consider the plaintiff's education, literacy, prior work experience, and prior litigation experience." <u>Id</u>. Courts should "also consider the difficulty of particular legal issues" and "the degree to which factual investigation will be required and the ability of the indigent plaintiff to pursue investigation." <u>Id</u>.

Plaintiff's submission in support of his application for the appointment of *pro bono*

counsel contains bare assertions that he has met each of the factors discussed above. He repeatedly makes self-serving statements that he lacks knowledge of the law and lacks the ability to present his claims. Again and again, Plaintiff offers the fact that his education is at the eleventh grade level without arguing how his limited education is insufficient with respect to the particular facts of his underlying claim.

In discussing the other factors, Plaintiff asserts that his case will be severely handicapped without the advice and expertise of counsel, that his law library access and its materials are limited, that he is unable to investigate facts due to his confinement and that his crude pleadings and his inability to follow the briefing schedule indicate the need for court-appointed counsel. However, Plaintiff's assertions are unsupported by anything other than his own self-serving beliefs. The issues raised by Plaintiff are far from complex and Plaintiff has provided no reason to believe that the particular facts and legal issues are beyond his ability given his particular circumstances.

## CONCLUSION

Based on the foregoing, the application by Plaintiff, Frank Gonzalez, for appointment of *pro bono* counsel is **denied**. An appropriate Order accompanies this Opinion.

 S/ Dennis M. Cavanaugh
Dennis M. Cavanaugh, U.S.D.J.

Dated: 12/5/06