NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| FRANK GONZALEZ, | **Hon. Dennis M. Cavanaugh** |
| Plaintiff, | **OPINION** |
| v. | Civil Action No. 05-cv-4316 (DMC) |
| JAMES WALKER, et al., |  |
| Defendants. |  |

<u>DENNIS M. CAVANAUGH, U.S.D.J.</u>:

This matter comes before the Court upon motion by Defendants Sergeant Trombetta, Sheriff Jerry Speciale, Captain Vasselor, Sergeant Condatore, Brian Bendl, and Warden Meyers (collectively "Defendants") for summary judgment pursuant to FED. R. CIV. P. 56(c), to which Plaintiff Gonzalez has opposed. No reply has been filed. Pursuant to FED. R. CIV. P. 78, no oral argument was heard. After carefully considering the submissions of the parties, and based upon the following, it is the finding of this Court that Defendants' motion for summary judgment is **denied**.

**I.    B**ACKGROUND[1]

Plaintiff, an inmate at Passaic County Jail[2], filed a Complaint against numerous parties alleging violations of 42 U.S.C. §1983 such as deplorable conditions at the Passaic County Jail and

---

[1]The facts set forth in this Opinion are taken from the undisputed facts set forth in the parties' Rule 56.1 statements.

[2]Plaintiff is currently housed at Treemont House, 344 Summer Avenue, Newark, New Jersey 07104.

Defendants failing to properly protect and safeguard Plaintiff during his incarceration. Specifically, Plaintiff alleges that on September 10, 2003, he was in a verbal dispute with fellow inmate, Defendant James Walker, who threatened Plaintiff's life. After this verbal dispute, Plaintiff requested to be moved to another part of the jail to avoid contact with Defendant Walker. Allegedly, Defendant Walker told Defendant Vasselor that if Plaintiff Gonzalez was not moved, Defendant Walker would harm him. After Plaintiff's and Defendant Walker's requests to move Plaintiff, he was moved to another section of the jail.

On September 11, 2003, Plaintiff signed a Complaint Form against Defendant Walker for threatening his life, wherein which Plaintiff noted that Walker is a known member of "the bloods" and has on occasion ordered other gang members to carry out his orders in jail.[3] On September 17, 2003, Defendant Trombetta authored a report as a Sergeant of the Gang Intelligence Unit, wherein he reports that Walker threatened to kill Gonzalez and as a result, Gonzalez is in fear of his life.[4] The Gang Intelligence Unit within the Passaic County Jail positively identified as a member of the United Blood Nation street gang with the rank of a Five Star General.[5] On the Inmate's Plea and Statement, Walker stated that he told Captain Vasselor that either he or Plaintiff needed to be moved after having words with Plaintiff over the ice cooler.[6] A witness to the ice cooler incident stated that while Plaintiff was packing up his things after being told he was moving out of his current section

---

[3] Exhibit C, attached to Plaintiff's Opposition to Defendants' motion for summary judgment.

[4] Exhibit D, attached to Plaintiff's Opposition to Defendants' motion for summary judgment.

[5] Id.

[6] Exhibit E, attached to Plaintiff's Opposition to Defendants' motion for summary judgment.

of the prison, Defendant Walker told Plaintiff that he can get him anywhere in jail.[7] On September 22, 2003, Plaintiff was taken to Paterson Municipal Court at which time he filed a formal charge of terrorist threats against Walker.[8]

On October 29, 2003, Plaintiff was placed in a bullpen where inmates wait before traveling to court.[9] The prison officials placed Plaintiff in the same bullpen as Defendant Walker and Walker assaulted Plaintiff. Plaintiff alleges that the prison officials knew that Defendant Walker had threatened Plaintiff's life, and proceeded to place him in the same, unsupervised bullpen.[10] As a result of this assault, Plaintiff alleges to have suffered a fractured orbit, vision deterioration and blurred vision, chronic pain to the area and has shooting pain from the area.[11] Plaintiff was treated at the medical department and then at Barnert Medical Hospital in Paterson following the assault. On October 31, 2003, Plaintiff was transferred to the Morristown Correctional Facility.[12]

Defendants filed a motion for summary judgment alleging that there are no issues of material fact, especially regarding Plaintiff's claim of deliberate indifference on Defendants' part. Additionally, Defendants assert that Plaintiffs claims should be dismissed because Plaintiff was attacked by another inmate and that Defendants did nothing wrong. In opposition, Plaintiff asserts

---

[7]Exhibit E, attached to Plaintiff's Opposition to Defendants' motion for summary judgment.

[8]Exhibit F, attached to Plaintiff's Opposition to Defendants' motion for summary judgment.

[9]See Plaintiff's Opposition, p. 9.

[10]See Plaintiff's Opposition, p. 9.

[11]See Plaintiff's Certification in Opposition to Defendants' motion for summary judgment, ¶ 8.

[12]See Defendants' Statement of Facts, ¶3.

that there are numerous issues of material fact and that his claims surround the allegation that the prison officials kept no measures in place to prevent inmates who have threatened other inmates from carrying out those threats. The main issue of fact that Plaintiff asserts is whether there were adequate safeguards which prison officials could have administered to prevent the assault on Plaintiff. This Court finds this issue to be a genuine issue of material fact and as such, summary judgment is **denied**.

## II.   STANDARD OF REVIEW

Summary judgment is granted only if all probative materials of record, viewed with all inferences in favor of the non-moving party, demonstrate that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 330 (1986). The moving party bears the burden of showing that there is no genuine issue of fact. Id. "The burden has two distinct components: an initial burden of production, which shifts to the nonmoving party if satisfied by the moving party; and an ultimate burden of persuasion, which always remains on the moving party." Id. The non-moving party "may not rest upon the mere allegations or denials of his pleading" to satisfy this burden, but must produce sufficient evidence to support a jury verdict in his favor. Fed. R. Civ. P. 56(e); see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). "[U]nsupported allegations in [a] memorandum and pleadings are insufficient to repel summary judgment." Schoch v. First Fid. Bancorporation, 912 F.2d 654, 657 (3d Cir. 1990). However, "[i]n determining whether there are any issues of material fact, the Court must resolve all doubts as to the existence of a material fact against the moving party and draw all reasonable inferences - including issues of credibility - in favor

of the nonmoving party." Newsome v. Admin. Office of the Courts of the State of N.J., 103 F. Supp.2d 807, 815 (D.N.J. 2000) aff'd, 51 Fed. Appx. 76 (3d Cir. 2002) (citing Watts v. Univ. of Del., 622 F.2d 47, 50 (D.N.J. 1980)).

### III.   DISCUSSION

After carefully reviewing the record and all submissions by the parties, this Court finds that there are significant issues of material fact, which preclude the grant of summary judgment. Namely, there are issues of fact surrounding whether the prison officials knowingly placed Plaintiff in the same bullpen as an inmate who made a threat on Plaintiff's life. Plaintiff claims that he was asleep when he was first assaulted and in the bullpen and that the bullpens were unsupervised, however, Defendants claim that Plaintiff initiated a fight and that all Defendants acted reasonably to protect Plaintiff. There are simply too many issues of fact surrounding the subject incident regarding what actions or inactions Defendants took and whether the subject incident could have been avoided through safeguards imposed by Defendants. These are not issues of law, but issues of fact and which would be improperly decided by this Court at summary judgment.

### IV.   CONCLUSION

For the reasons stated, it is the finding of this Court that Defendants' motion for summary judgment is **denied.** An appropriate Order accompanies this Opinion.

 S/ Dennis M. Cavanaugh
Dennis M. Cavanaugh, U.S.D.J.

Date:        December   14  , 2007
Orig.:       Clerk
cc:          Counsel of Record
             The Honorable Mark Falk, U.S.M.J.
             File